**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>ATTORNEY GENERAL OF ARIZONA,<br><br>ATTORNEY GENERAL OF COLORADO,<br><br>STATE OF INDIANA, and<br><br>UTAH DIVISION OF CONSUMER PROTECTION,<br><br>Plaintiffs,<br><br>v.<br><br>PROGRESS RESIDENTIAL, LLC, a limited liability company,<br><br>and<br><br>PRETIUM PARTNERS, LLC, a limited liability company,<br><br>Defendants. | Case No. 1:26-cv-06782-VMC<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |

Plaintiffs, the Federal Trade Commission ("Commission" or "FTC"), the Attorney General of Arizona ("State of Arizona"), Philip J. Weiser, Attorney General of Colorado ("Colorado Attorney General"), the State of Indiana, and the Utah Division of Consumer Protection ("State of Utah") (collectively, "Plaintiffs"), filed their Complaint for Permanent Injunction, Monetary Judgment, and Other Relief

("Complaint"), for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, Section 521 of the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. § 6821, the Consumer Review Fairness Act ("CRFA"), 15 U.S.C. § 45b, the Arizona Consumer Fraud Act ("ACFA"), Ariz. Rev. Stat. §§ 44-1521 to -1534, Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-101 et seq., the Indiana Deceptive Consumer Sales Act ("DCSA"), Ind. Code § 24-5-0.5-1 et seq. and Indiana Home Loan Practices Act ("HLPA") Ind. Code § 37-5-1-1 et seq., and the Utah Consumer Sales Practices Act ("UCSPA"), Utah Code § 13-11-1 *et seq*. Plaintiffs and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the GLB Act, 15 U.S.C. §§ 6821 *et seq.*, the CRFA, 15 U.S.C. § 45, the ACFA, Ariz. Rev. Stat. §§ 44-1521, *et seq*., the CCPA, Colo. Rev. Stat. § 6-1-101 et seq., the DCSA, Ind. Code § 24-5-0.5-1 et seq., the HLPA, Ind. Code § 37-5-1-1 et seq., and the UCSPA, Utah Code

§ 13-11-1 *et seq.,* in their Home Rental Services, including by making false and misleading claims in the advertising, marketing, and sale of their Home Rental Services; unfairly charging fees, withholding deposits from consumers, and suppressing negative consumer reviews; and failing to implement adequate customer service practices to support Defendants' Home Rental Services.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as stated in Sections IX.B and IX.C. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Clear(ly) and conspicuous(ly)**" means that a required disclosure is easily noticeable (i.e., difficult to miss) and easily understandable by reasonable consumers, including in all of the following ways:

1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which

the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for reasonable consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to reasonable consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.
7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.
8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "reasonable consumers" includes members of that group.

B. **"Covered Communication"** means a written, oral, or pictorial review, performance assessment, or other similar analysis of the goods, services, or conduct of a Defendant by a consumer who is party to a Form Contract with respect to which a Defendant is also a party.

C. "**Defendants**" means both of the Defendants (Progress Residential, LLC and its predecessors, successors, and assigns, and Pretium Partners, LLC and its predecessors, successors, and assigns), individually, collectively, or in any combination.

D. **"Form Contract"** means a contract with standardized terms used by Defendants in the course of leasing Defendants' Properties and that is imposed on consumers without a meaningful opportunity for consumers to negotiate the standardized terms of such contract.

E. **"Home Rental Services"** means all goods and services related to providing property management for any Property, including but not limited to offering, displaying, advertising, marketing, promoting, leasing or maintaining any Property.

F. **"Pricing Information"** means any information related to an amount a consumer must pay.

G. **"Property"** means any single-family residential property located in the United States that Defendants own, whether in whole or in part and whether directly or indirectly; offer for rent; manage; or for which they provide any goods or services related to leasing or managing the property by agreement with a third party.

H. **"Review-Limiting Contract Term"** means a standardized contract term that: prohibits or restricts the ability of a person who is a party to the contract to engage in a Covered Communication; imposes or threatens to impose a penalty or fee against a person who is a party to the contract for engaging in a Covered Communication; or transfers, or requires a person who is a party to the contract to transfer, to any other person any intellectual property rights in a Covered Communication, with the exception of a non-exclusive license to lawfully use a Covered Communication about Defendants' goods or services.

I. **"Total Monthly Rental Price"** means the entire recurring monthly amount to lease a Property, including all recurring mandatory fees or recurring mandatory charges associated with the Property, and excluding variable utility costs and optional fees.

## ORDER

## I. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS ORDERED that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Home Rental Services, are permanently restrained and enjoined from, to the extent Defendants have control within the format in which the representation is made:

A. Misrepresenting, expressly or by implication:

1. the Total Monthly Rental Price;

2. Pricing Information;

3. the existence or amount of any fees, charges, or costs to be paid by consumers;

4. whether fees, charges, or services are optional or required;

5. the nature, purpose, amount, or refundability of any fee or charge that Defendants charge to consumers;

6. the identity of the good or service for which the fee or

charge is imposed;

7. if or when consumers will be charged any fees or costs;

8. that Properties are inspected or pass an inspection before a consumer moves in;

9. the cleanliness or safety of the Property, or the functionality of all major systems (e.g., structural, plumbing, electrical, HVAC, appliances) of the Property;

10. the circumstances under which Defendants will deduct amounts from a consumer's security deposit or charge a consumer for amounts exceeding a consumer's security deposit, including how and whether a consumer will be charged for cleaning or damages to the Property;

11. that consumers owe amounts that are not their responsibility;

12. that consumers are responsible for restoring a Property to either (a) its "pre-move in condition" or (b) any other standard that differs from the applicable state law at the time of move-out;

13. if or when Defendants will send statements to consumers regarding amounts deducted from consumers' security deposits or charges for amounts exceeding consumers' security deposits, and what the statements are;

14. any other material aspect of Defendants' Home Rental Services.

B. Making any representation, expressly or by implication, about the quality,

nature, availability, or safety of its Properties or Home Rental Services, unless the representation is non-misleading, and, at the time such representation is made, Defendants have a reasonable basis for making such representation, including by possessing and retaining comprehensive and accurate information to substantiate that the representation is true.

## II. REQUIRED DISCLOSURES

IT IS ORDERED that, Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Home Rental Services, are permanently restrained and enjoined from, to the extent Defendants have control within the format in which the relevant representation is made:

A. Failing to Clearly and Conspicuously disclose the Total Monthly Rental Price in any offer, display, or advertisement that represents any price of a good or service;

B. Failing to display the Total Monthly Rental Price more prominently than any other Pricing Information, provided, however, that this provision does not apply to responses to a resident's inquiries about a specific or itemized fee or charge;

C. Making any representation, expressly or by implication, regarding a

particular fee or charge, without disclosing, Clearly and Conspicuously, the nature and purpose of the fee or charge, the identity of any good or service for which the fee or charge is imposed, the amount of the fee or charge, the timing and frequency at which consumers may be charged the fee or charge, and whether the fee or charge is mandatory, *provided, however*, that this provision does not apply to responses to a resident's inquiries about a specific or itemized fee or charge;

D. Failing to disclose, Clearly and Conspicuously, each and every time Defendants display or disclose that consumers using Defendants' Home Rental Services will pay a Total Monthly Rental Price, the following:

1. all additional fees or charges the consumer will incur as a result of using any of Defendants' Home Rental Services.

*Provided*, however, that this provision does not apply to responses to a resident's inquiries about a specific or itemized fee or charge.

E. Charging or causing any charge for an initial payment or deposit without disclosing, Clearly and Conspicuously:

1. The Total Monthly Rental Price; and

2. The following Pricing Information:

i. The existence and amount of any fees or charges;

ii. Whether the fees or charges are optional or required;

iii. The nature, purpose, amount, and refundability of the fees or

charges that consumers may be charged;

iv. The identity of any good or service for which the fee or charge is imposed;

v. The timing and frequency at which consumers may be charged the fees or charges; and

vi. Whether the amount of the fees or charges is variable and (other than for variable utility costs) the manner in which any variable amount is calculated.

## III. PROHIBITION AGAINST IMPROPER CHARGES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Home Rental Services, are permanently restrained and enjoined from:

A. withholding any money from a consumer's security deposit or otherwise charging a consumer for damages to the Property, unless: (i) the consumer caused damage to the Property beyond normal wear and tear; (ii) the amount withheld from the security deposit is a reasonable estimate for the actual amount of damages suffered by Defendants for which the consumer's action or inaction is the cause; and (iii) Defendants actually repair such damage before the start of the next

tenancy;

B. withholding any amount from a consumer's security deposit or otherwise charging a consumer for any costs or expenses, including for materials or labor, under the following circumstances:

1. for maintenance, repairs, cleaning, painting, replacements, or improvements attributable to any conditions that existed at the Property on the date the consumer took possession of the Property;

2. for maintenance, repairs, cleaning, painting, replacements, or improvements, unless the costs charged to the consumer were necessarily incurred because of conditions that are not attributable to normal wear and tear;

3. for any costs associated with checking or assessing the condition of a Property to determine whether any maintenance, repairs, cleaning, painting, replacements, or improvements may be necessary or desired, unless such check or assessment is due to damages caused by the consumer that are not attributable to normal wear and tear; or

4. for any costs associated with capital improvements, renovations, remodels at a Property, or with replacing existing fixtures, appurtenances, or fittings with fixtures, appurtenances, or fittings of upgraded quality (*e.g.,* including upgraded fittings of a different type, such

as replacing carpet with flooring), unless such costs are due to damages caused by the consumer that are not attributable to normal wear and tear and do not exceed a reasonable estimate of the cost associated with such work; provided, moreover, that such costs shall include any fees paid to third parties to manage the work performed;

C. failing to provide the consumer, no later than thirty (30) days after a consumer moves out, or within the time period required by state law or lease, whichever is sooner, with an itemized statement detailing and explaining what each amount charged to a consumer's account and/or deducted from a consumer's security deposit is charged for and the specific basis for why the consumer is responsible for each charge and/or deduction;

D. charging consumers a fee or cost contrary to Defendants' stated policy for levying such fee or cost; and

E. Withholding from a security deposit in violation of state law.

## IV. SECURITY DEPOSIT REFUND POLICIES AND PROCESS

IT IS FURTHER ORDERED that Defendants, in connection with Home Rental Services, must establish and enforce the following policies and procedures to their security deposit refund process relating to resident-responsible damages:

A. Security Deposit Withholding Standards and Training

1. Defendants must ensure that any employee, contractor, agent, or

person authorized to decide whether to withhold any amount from a consumer's security deposit or otherwise charge a consumer for any costs, including costs of materials or labor, for maintenance, repairs, cleaning, painting, replacements, or improvements, is annually trained on compliance with applicable state and local laws and regulations relating to security deposits and on the injunctive terms of this Order.

2. For five years from the effective date of this Order, Defendants must annually provide the FTC with any written training or educational materials or similar written guidance provided to such persons with respect to the subject matter referenced above.

B. Records of Inspections

1. Defendants must maintain all records and photographs from any Property inspection (e.g., inspections before move-ins, move-out inspections), performed by Defendants for at least three years after the end of the tenancy during which the inspection occurred (or, if an inspection occurs in between tenancies, for at least two years following the end of the tenancy that begins after the inspection occurs) or for at least three years following any Property inspection, whichever is longer.

2. Defendants must deliver copies of all records and photographs identified in the previous paragraph pertaining to a resident's specific tenancy

to a current or former resident of the Property at issue at the consumer's request.

C. <u>Documentation of Conditions Relating to Security Deposit Withholding or Charges to Consumers</u>

1. Whenever Defendants perform any maintenance, repairs, cleaning, painting, replacements, or improvements after a consumer has relinquished possession of a Property and Defendants have reason to believe that any portion of the cost of such work may be withheld from the consumer's security deposit or otherwise charged to the consumer, Defendants must maintain all records of the work performed and photographs showing the conditions prior to the next consumer's move-in.

2. Defendants must maintain such records and photographs for at least three years following the date when the maintenance, repairs, cleaning, painting, replacements, or improvements occur or when such costs are withheld from the consumer's security deposit or otherwise charged to the consumer, whichever is longer.

3. Defendants must deliver copies of all records and photographs identified in this subsection pertaining to a resident's specific tenancy to a current or former resident at the consumer's request.

## V. INJUNCTION AGAINST SUPPRESSING COVERED COMMUNICATIONS THROUGH CONTRACT TERMS

IT IS ORDERED that Defendants, and Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive notice of this Order, whether acting directly or indirectly, in connection with Home Rental Services, are permanently restrained and enjoined from offering, attempting to enforce, or asserting the validity of, any Review-Limiting Contract Term.

Nothing in this Provision shall require Defendants to publish or host the content of any person, affect any other legal duty of a party to a contract, or affect any cause of action arising from the breach of such duty.

## VI. INJUNCTION CONCERNING CERTAIN CUSTOMER SERVICE PRACTICES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive notice of this Order, whether acting directly or indirectly, in connection with Home Rental Services, are permanently restrained and enjoined from:

A. Failing to refund to a consumer, or remove from a resident's account ledger, any fee or charge that is improperly assessed after entry of this Order in violation of Sections I, II, or III of this Order.

B. Pursuing any remedies under a lease or applicable law—including but not limited to assessing late fees, threatening or initiating eviction

proceedings, or assessing other administrative or legal fees—due to unpaid rent or any amounts due under a lease if a resident's failure to timely pay rent or any amounts due under a lease is caused by the defective operation or inaccessibility of Defendants' payment portal.

C. Pursuing any remedies under a lease or applicable law—including but not limited to assessing late fees, threatening or initiating eviction proceedings, or assessing other administrative or legal fees—due to unpaid fees or charges which are improperly assessed (in violation of Section III of this Order) against residents, or (in violation of Sections I, II, or III of this Order) against residents who moved into a Property after the effective date of this Order.

D. Preventing or prohibiting residents from paying rent while a fee or charge is disputed and pending resolution by Defendants.

E. Closing out work orders, complaints, disputes, or maintenance requests without first communicating with the consumer or resident that the issue has been addressed and resolved by Defendants (or if not resolved, an explanation of why the complaint, dispute, or maintenance request has not been resolved and an estimated date of resolution), and without allowing the resident forty-eight (48) hours to respond or object, including documenting and retaining any resident response or objection.

F. Failing to timely provide to consumers by conspicuous means the contact information for Defendants' representatives or employees who have the ability to adequately and completely resolve a complaint, dispute, inquiry, or issue.

## VII. INJUNCTION RELATING TO OBTAINING CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants and Defendants' officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from:

A. Making any false, fictitious, or fraudulent representations to any person to obtain or attempt to obtain, or cause to be disclosed or attempt to cause to be disclosed to any person, customer information of a financial institution (as defined in 15 U.S.C. § 6827) relating to another person, including, but not limited to, credit or debit card numbers, bank account numbers, and credit reports; or

B. Violating the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809, §§ 6821-6827, a copy of which is attached.

## VIII. MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A. Judgment in the amount of Forty-Eight Million Five Hundred Thousand

Dollars ($48,500,000.00) is entered in favor of Plaintiffs against Defendants, jointly and severally, as monetary relief.

B. Judgment in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00) is entered in favor of the State of Arizona against Defendants, jointly and severally, for attorney's fees and costs.

C. Defendants are ordered to pay to the Commission $48,500,000.00. Defendants stipulate that their undersigned counsel holds Four Million Five Hundred Thousand Dollars ($4,500,000.00) in escrow for no purpose other than making the initial payment described below to the Commission. Such payment, and all subsequent payments, must be made by electronic fund transfer in accordance with instructions to be provided by a representative of the Commission upon the Court's issuance of this Order, as follows:

1. Within 10 days of entry of this Order ("First Payment Date"), Defendants are ordered to pay to the Commission $4,500,000.00.
2. Within 30 days of the First Payment Date, Defendants are ordered to pay to the Commission $4,000,000.00.
3. Within 60 days of the First Payment Date, Defendants are ordered to pay to the Commission $4,000,000.00.
4. Within 90 days of the First Payment Date, Defendants are ordered to pay to the Commission $4,000,000.00.

5. Within 120 days of the First Payment Date, Defendants are ordered to pay to the Commission $4,000,000.00.
6. Within 150 days of the First Payment Date, Defendants are ordered to pay to the Commission $4,000,000.00.
7. Within 180 days of the First Payment Date, Defendants are ordered to pay to the Commission $4,000,000.00.
8. Within 210 days of the First Payment Date, Defendants are ordered to pay to the Commission $4,000,000.00.
9. Within 240 days of the First Payment Date, Defendants are ordered to pay to the Commission $4,000,000.00.
10. Within 270 days of the First Payment Date, Defendants are ordered to pay to the Commission $4,000,000.00.
11. Within 300 days of the First Payment Date, Defendants are ordered to pay to the Commission $4,000,000.00.
12. Within 330 days of the First Payment Date, Defendants are ordered to pay to the Commission $4,000,000.00.

D. If Defendants fail to make any required payment when due under Subsections VIII.C.1-12 above, the judgment becomes immediately due as to Defendants in the amount specified in Subsection VIII.A above, less any payment previously made pursuant to this Section, plus interest computed from the date of

entry of this Order.

E. Defendants are ordered to pay to the State of Arizona One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00) in attorneys' fees and costs pursuant to its authority under A.R.S. § 44-1534. Such payment must be made within thirty (30) days of entry of this Order by electronic fund transfer in accordance with instructions to be provided by a representative of the Arizona Attorney General. Funds shall be deposited into the State of Arizona's Consumer Protection-Consumer Fraud Revolving Fund pursuant to A.R.S. § 44-1531.01 and used for the purposes set forth therein.

## IX. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of Plaintiffs, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by Plaintiffs pursuant to Section 523(a)(2)(A) of the Bankruptcy

Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Defendants acknowledge that their Employer Identification Numbers, Social Security Numbers, or other Taxpayer Identification Numbers ("TIN"), which Defendants must submit to the Commission within seven (7) days of entry of this Order, including all TINs that Defendants previously provided, may be used by the Commission for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E. All money received by the Commission pursuant to Section VIII of this Order ("Monetary Judgment") may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## X. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees and all others in active concert or participation with any of them, who receive notice of this Order are permanently restrained and enjoined from directly or indirectly:

A. failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. Defendants represent that they have provided this redress information to the Commission. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days;

B. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Defendants obtained prior to entry of this Order in connection with Home Rental Services, unless Defendants can show the information is related to providing Home Rental Services or Defendants otherwise have a customer's express recorded consent;

C. failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Plaintiffs.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## XI. ORDER ACKNOWLEDGEMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgment of receipt of this Order:

A. Defendants, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 10 years after entry of this Order, Defendants must deliver a copy of this Order to: (1) all principals, officers, directors and LLC managers and members; (2) all employees, agents, and representatives with managerial responsibilities for conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Defendants delivered a copy of this Order, Defendants must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to Plaintiffs:

A. One year after entry of this Order, Defendants must submit a compliance report, sworn under penalty of perjury. Defendants must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of Plaintiffs may use to communicate with Defendants; (b) identify all of Defendants' businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales; (d) describe in detail whether and how Defendants are in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to Plaintiffs.

B. For 10 years after entry of this Order, Defendants must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: Defendants must report any change in: (a) any designated point of contact; or (b) the structure of Defendants or any entity that Defendants have any ownership interest in or control directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution

of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Defendants must submit to Plaintiffs notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendants within 14 days of its filing.

D. Any submission to Plaintiffs required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Progress Residential, LLC, et al., Matter No. 2423073.

F. Unless otherwise directed in writing by a representative of the State of Arizona, all submissions to the State of Arizona pursuant to this Order must be emailed to consumer@azag.gov or mailed and postmarked to: Consumer Protection and Advocacy Section, The Office of the Attorney General, 2005 North Central

Avenue, Phoenix, Arizona 85004-1545.

G. Unless otherwise directed by a representative of the Colorado Attorney General, all submissions to the Colorado Attorney General pursuant to this Order must be emailed to consumer.protection@coag.gov or sent by overnight courier (not the U.S. Postal Service) to: Deputy Attorney General, Consumer Protection Section, Colorado Attorney General's Office, 1300 Broadway, 9th Floor, Denver, CO 80203. The subject line must begin FTC v. Progress Residential, LLC, et al., Matter No. 2423073.

H. All submissions to the State of Indiana pursuant to this Order must be emailed to HPU@atg.in.gov or sent by overnight courier to: Scott Barnhart, Director of Consumer Protection Division, Office of the Indiana Attorney General, IGCS Fifth Floor, 302 W. Washington St., Indianapolis, IN 46204.

I. Unless otherwise directed by an attorney of the Utah Attorney General's Office in writing, all submissions to the Utah Division of Consumer Protection pursuant to this Order must be emailed to AG-CED@agutah.gov or sent by overnight courier (not the U.S. Postal Service) to the Utah Attorney General's Office, Commercial Enforcement Division, 160 East 300 South, 5th Floor, Salt Lake City, Utah 84111. The subject line must begin with: FTC v. Progress Residential and Pretium Partners.

## XIII. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records related to Home Rental Services for 10 years after entry of the Order, and retain each such record for 5 years.

Specifically, Defendants must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests concerning the subject matter of the Order captured in Defendants' customer relationship management platforms, systems and devices that are received in the ordinary course of business, whether received directly or indirectly, such as through a third party, any response, and all material documents, including related communications;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to Plaintiffs;

E. a copy of each unique advertisement, including each home listing on Defendants' websites, or other marketing material concerning Home Rental Services that Defendants or their agents created; *provided, however*, that if the advertisement is a dynamically generated home listing, Defendants shall instead retain a copy of

each materially unique template plus at least one visually representative copy of a home listing for each materially different template; and

F. any agreement or contract with independent contractors or other third-party vendors providing services related to Home Rental Services, provided that any such contract or agreement reflects the contractor's or vendor's name, addresses, telephone numbers, types of services provided, and dates of service.

## XIV. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of any of the Plaintiffs, Defendants must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, Plaintiffs are authorized to communicate directly with Defendants. Defendants must permit representatives of Plaintiffs to interview any employee or other person affiliated with Defendants

who has agreed to such an interview. The person interviewed may have counsel present.

C. Plaintiffs may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XV. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this ___ day of ____, 202_.**

_________________________________

UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF**

**FEDERAL TRADE COMMISSION:**

CHRISTOPHER G. MUFARRIGE
Director, Bureau of Consumer Protection

ANNIE CHIANG
Deputy Director, Bureau of Consumer Protection

NICHOLAS MAY
Regional Director, Southeast Region

MARGUERITE MOELLER
Assistant Regional Director, Southeast Region

*/s/ Michael Boutros* Date: November 6, 2026

MICHAEL BOUTROS
Georgia Bar No. 955802
HAROLD KIRTZ
Georgia Bar No. 424070
Federal Trade Commission
401 W. Peachtree St. NW, Suite 1500
Atlanta, GA 30308
Phone: (404) 656-1351 (Boutros)
Phone: (404) 656-1357 (Kirtz)
Email: mboutros@ftc.gov
Email: hkirtz@ftc.gov

**FOR PLAINTIFF**

**STATE OF ARIZONA**

*/s/ Heather Hamel*_______________ Date: November 6, 2026
HEATHER HAMEL
Arizona Bar No. 031734 (*pro hac vice application forthcoming or pending)*
AMANDA SALVIONE
Arizona Bar No. 032136 (*pro hac vice application forthcoming or pending)*
Assistant Attorneys General

ARIZONA ATTORNEY GENERAL'S OFFICE
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-7731 (Hamel)
Phone: (602) 542-7757 (Salvione)
consumer@azag.gov
Heather.Hamel@azag.gov
Amanda.Salvione@azag.gov

**FOR PLAINTIFF**

**COLORADO ATTORNEY GENERAL**

PHILIP J. WEISER
COLORADO ATTORNEY GENERAL

*/s/ Monica M. Manning*___________ Date: November 6, 2026
MONICA M. MANNING
Georgia Bar No. 105494
Assistant Attorney General
MARTHA U. FULFORD, 53304
Assistant Deputy Attorney General
JULIANNE B. CRAMER, 57111
First Assistant Attorney General
CONOR A. KRUGER, 54111
Assistant Attorney General
Consumer Protection Section
1300 Broadway, 9th Floor
Denver, CO 80203
Tel: (720) 508-6000
Email:monica.manning@coag.gov;
Julie.cramer@coag.gov;
conor.kruger@coag.gov

**FOR PLAINTIFF**

**STATE OF INDIANA**
**TODD ROKITA**
**Attorney General**

/*s/ Chase M. Haller*________ Date: November 6, 2026
By: CHASE M. HALLER
Indiana Bar No. 29944-49
*(pro hac vice application forthcoming or pending)*
Deputy Attorney General
Section Chief Homeowner Protection Unit
Office of the Indiana Attorney General

SCOTT L. BARNHART
Indiana Bar No. 25474-82
Director and Chief Counsel
Consumer Protection Division

REGAN M. PERRODIN
Indiana Bar No. 36333-71
Deputy Attorney General

302 W. Washington Street, IGCS 5th Floor
Indianapolis, IN 46204
Phone: (317)-232-6285
Fax: (317) 232-7979
Email: Chase.Haller@atg.in.gov

**FOR PLAINTIFF**

**STATE OF UTAH**

*/s/ Katie Villani*____________________ Date: November 6, 2026

DEREK BROWN
UTAH ATTORNEY GENERAL
DOUGLAS CRAPO (14620)
*(pro hac vice application forthcoming or pending)*
ROBERT WING (4445)
*(pro hac vice application forthcoming or pending*
KATIE VILLANI (16654)
*(pro hac vice application forthcoming or pending)*
Utah Attorney General's Office
160 East 300 South, 5th Floor
Salt Lake City, UT 84114
(801) 366-0310
crapo@agutah.gov
rgwing@agutah.gov
kvillani@agutah.gov

**FOR DEFENDANTS:**

Signed by:
Benjamin Chapin
890B64B87EDF4DA...

Date: 10/9/2026

FRANK GORMAN
BENJAMIN CHAPIN
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 663-6036 (Gorman)
Phone: (202) 663-6443 (Chapin)
Email: Frank.Gorman@wilmerhale.com
Email: Benjamin.Chapin@wilmerhale.com
COUNSEL For Progress Residential, LLC

DocuSigned by:
Olivia Adendorff
5C572B3169C54C0...

Date: 10/9/2026

OLIVIA ADENDORFF
LUCIE DUVALL
Kirkland & Ellis LLP
Dallas Office:
4550 Travis Street
Dallas, TX 75205
DC Office:
1301 Pennsylvania Avenue NW
Washington, DC 20004
Phone: (214) 972-1758 (Adendorff)
Phone: (202) 389-3120 (Duvall)
Email: Olivia.Adendorff@kirkland.com
Email: Lucie.Duvall@kirkland.com
COUNSEL For Pretium Partners, LLC

**DEFENDANT PROGRESS RESIDENTIAL, LLC:**

Signed by:
David S. Feldman
B7B07BBF011A47A...

Date: 10/9/2026

DAVID FELDMAN
CHIEF EXECUTIVE OFFICER
AS AN OFFICER OF PROGRESS RESIDENTIAL, LLC

**DEFENDANT PRETIUM PARTNERS, LLC:**

Signed by:
Stephen Scherr
C07670F5ACA742C...

Date: 10/9/2026

STEPHEN SCHERR
CO-PRESIDENT
AS AN OFFICER OF PRETIUM PARTNERS, LLC